UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LOCAL 513, INTERNATIONAL UNION OF )
OPERATING ENGINEERS, AFL-CIO, TIMOTHY )
J. SAPPINGTON, IN HIS REPRESENTATIVE )
CAPACITY AS PRESIDENT AND BUSINESS )
MANAGER, LOCAL UNION 513 PENSION )
FUND, LOCAL UNION 513 HEALTH AND )
WELFARE FUND, LOCAL UNION 513 )
SUPPLEMENTAL VACATION FUND, LOCAL )
UNION 513 ANNUITY FUND, LOCAL UNION ) Cause No.
513 JOINT APPRENTICESHIP TRAINING )
FUND, and TIMOTHY J. SAPPINGTON, IN HIS )
CAPACITY AS CHAIRMAN OF THE BOARD )
OF TRUSTEES OF SAID FUNDS, )
)
           Plaintiffs, )
)
v. )
) NO JURY TRIAL
DANNA EXCAVATING, LLC, )
)
           Defendant. )

## COMPLAINT

COME NOW Plaintiffs, by and through undersigned Counsel, and for their Complaint against DANNA EXCAVATING, LLC, (hereinafter "DANNA EXCAVATING"), state as follows:

### Parties

1.    Local 513, International Union of Operating Engineers, AFL-CIO (hereinafter "Local No. 513"), a voluntary unincorporated association existing pursuant to the laws of the State of Missouri, is an "employee organization" within the meaning of Section 3(4) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), as amended, 29 U.S.C. §1002(4), and is a labor organization within the meaning of Section 1(5) of the Labor-Management Relations

Act of 1947 (hereinafter "LMRA"), as amended, 29 U.S.C. §151(5). Timothy J. Sappington (hereinafter "Mr. Sappington") is the duly authorized representative of Local No. 513 and is authorized to bring this cause of action in his representative capacity.

2. Local Union 513 Pension Fund (hereinafter "Pension Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Mr. Sappington is the Chairman and duly designated Trustee of the Pension Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1032. Mr. Sappington is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

3. Local Union 513 Health and Welfare Fund (hereinafter "Welfare Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Mr. Sappington is the Chairman and duly designated Trustee of the Pension Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1032. Mr. Sappington is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

4. Local Union 513 Supplemental Vacation Fund (hereinafter "Vacation Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Mr. Sappington is the Chairman and duly designated Trustee of the Pension Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1032. Mr. Sappington is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

5. Local Union 513 Annuity Fund (hereinafter "Annuity Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Mr. Sappington is the Chairman and duly designated Trustee of the Pension Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1032. Mr. Sappington is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

6. Local Union 513 Joint Apprenticeship Training Fund (hereinafter "JATF Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Mr. Sappington is the Chairman and duly designated Trustee of the Pension Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1032. Mr. Sappington is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

7. Together, the foregoing Pension Fund, Health and Welfare Fund, Supplemental Vacation Fund, Annuity Fund and Joint Apprenticeship Training Fund shall be referred to as the "Plaintiff Funds."

8. DANNA EXCAVATING is a Missouri Corporation with a Registered Agent residing at 29973 Glen Rd., Wright City, Missouri 63390.

9. DANNA EXCAVATING is, was, and at all relevant times has been an employer in an industry affecting commerce within the meaning of Section 3(5), (11), (12) and 515 of ERISA, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and of §§2(2), (6) and (7) of the LMRA, 29 U.S.C. §§152(2), (6) and (7).

## Jurisdiction and Venue

10. This Court has jurisdiction over this matter by virtue of Sections 502(a)(3) and 515 of ERISA, as amended, 29 U.S.C. §1132(a), (3) and 1145, in that Mr. Sappington is a fiduciary who seeks to enforce the provisions of the Trust documents establishing the Plaintiff Funds, and the Union is suing for violations of its Collective Bargaining Agreement or Agreements with DANNA EXCAVATING.

11. The Court has personal jurisdiction over DANNA EXCAVATING, pursuant to ERISA Section 502(e), 29 U.S.C. §1132(e).

12. Venue is proper pursuant to ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2), in that the Plaintiff Funds are administered within the jurisdiction of this Court and because Local No. 513 maintains its principal office within the jurisdiction of this Court.

## COUNT I – DANNA EXCAVATING, LLC

13. At all times relevant to this Complaint, DANNA EXCAVATING was and has been signatory to a valid and binding Collective Bargaining Agreement (the "Agreement") with Local No. 513.

14. At all times relevant to this Complaint, DANNA EXCAVATING was and has been signatory to a Participation Agreement with the Plaintiff Funds, by which DANNA EXCAVATING became signatory to and obligated itself to the terms and conditions of certain Trust Documents adopted by the Trustees of the Plaintiff Funds, and which established the Plaintiff Funds.

15. The Agreement and/or Trust Documents impose certain payment and reporting obligations upon signatory contractors, including DANNA EXCAVATING.

16. The Agreement and/or Trust Documents require DANNA EXCAVATING to timely submit reports of hours worked by its employees covered by the Agreement, along with financial contributions.

17. Signatory contractors, including DANNA EXCAVATING, are required to submit reports of hours worked by covered employees, with payment, by the 20th of each month for the prior month's work.

18. The Agreement and/or Trust Documents provide that in the event a signatory contractor fails to submit timely reports of hours, or timely payments, the contractor shall be liable for liquidated damages in the amount of twenty percent (20%) of contributions due.

19. The Agreement and/or Trust Documents further provide that in the event of litigation to recover a delinquency, the contractor shall be liable for the costs of collection, including court costs, interest, and attorneys' fees.

20. DANNA EXCAVATING, however, is believed not to have fully, accurately and completely reported its fringe benefit obligation to the Plaintiff Funds for an extended period of time and the full amount of its liability is, therefore, unknown.

21. Pursuant to ERISA Section 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), Plaintiffs are entitled to appropriate equitable relief.

22. Since the full amount of contributions due is not known, Plaintiffs lack an adequate remedy at law and are suffering and will continue to suffer immediate, continuing and irreconcilable injury and damage unless DANNA EXCAVATING is ordered to specifically perform all its obligations required under the Agreement and Trust Documents, to submit its records to an audit, and to pay required contributions and ancillary amounts to the Plaintiff Funds.

23. As a result of DANNA EXCAVATING's failure to make these required contributions, Plaintiffs have been harmed.

WHEREFORE, Plaintiffs pray that the Court:

a. Enter Judgment for Plaintiffs and against DANNA EXCAVATING, LLC;

b. Enter an Order awarding Plaintiffs all delinquent contributions due and owing, in an amount subject to proof;

c. Enter an interlocutory order requiring DANNA EXCAVATING, LLC to submit its records to an audit, and further, that DANNA EXCAVATING, LLC reimburse Plaintiffs the cost of said audit;

d. Enter an order awarding additional contributions determined to be due and owing pursuant to the audit;

e. Enter an order awarding Plaintiffs appropriate pre-judgment interest from the due date of all delinquent contributions to the date of judgment;

f. Enter an order awarding Plaintiffs liquidated damages in the amount of 20% of the delinquency amount;

g. Enter an injunction requiring DANNA EXCAVATING, LLC to timely submit its monthly Contribution Report Forms on a going forward basis;

h. Enter an order awarding Plaintiffs their attorney's fees, auditing fees, accounting fees, expert fees and other costs;

i. Enter an Order awarding Plaintiffs appropriate post-judgment interest; and

j. Enter orders for such further relief as the Court deems proper in the premises.

Respectfully submitted,

HARTNETT GLADNEY HETTERMAN, L.L.C.

/s/ James P. Faul
JAMES P. FAUL, No. 58799MO
4399 Laclede Avenue
St. Louis, MO 63108
(314) 531-1054 Telephone
(314) 531-1131 Facsimile
jfaul@hghllc.net

Attorneys for Plaintiffs